**Jeff DWIRE, Plaintiff,**

**v.**

**Richard TOTH, Katherine Crago, Sylvia Xanderson and Colorado Division of Child Support Enforcement, Defendants.**

**No. CIV.A. 01–K–2186.**

United States District Court, D. Colorado.

Feb. 28, 2002.

Jeff Dwire, Colorado Springs, CO, pro se.

Andrew W. Loewi, Brownstein, Hyatt & Farber, Denver, CO, Maria Teresa Fox, Attorney General's Office, Litigation Section, Denver, CO, for defendants.

## ORDER

KANE, Senior District Judge.

Consistent with the findings and conclusions of the January 25, 2002 hearing, and Defendant Toth's submission of his Itemization of Legal fees and costs, it is

**ORDERED** that the Motion of Defendant Richard Toth to Dismiss the *pro se* Complaint of Plaintiff Jeff Dwire is **GRANTED**. Dwire's claims against Judge Toth are barred under the doctrine of *res judicata* as having previously been asserted against Judge Toth, and dismissed by Judge Sparr, in Civil Action No. 99–S–2476 (consolidated with 99–S–2174)(D.Colo.1999)(finding Dwire's claims essentially to be attempts to appeal a final decision of the state court ordering him to pay child support over which the Court lacked jurisdiction under *District of Co-*

*lumbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). Plaintiff's constitutional challenge to Colorado's child support and enforcement laws, also raised before Judge Sparr, may have been worthy of more consideration, but Dwire's failure to respond to the Motion to Dismiss leaves unrefuted the principle that a state statute is presumed to be constitutional. *Eaton v. Jarvis,* 965 F.2d 922, 929 (10th Cir.1992) (citing *Donald v. Board of Election Comm'rs,* 394 U.S. 802, 809, 89 S.Ct. 1404, 22 L.Ed.2d 739, (1969) and Colo.Rev.Stat. §§ 2–4–201; *Anderson v. M.W. Kellogg Co.,* 766 P.2d 637 (Colo.1988); *Parrish v. Lamm,* 758 P.2d 1356, 1364 (Colo.1988)). This provides an independent basis for dismissing that claim.

 To the extent Plaintiff purports to assert any claims against Defendants Crago and Xanderson individually, **IT IS FURTHER ORDERED** that those claims are dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). The Complaint fails to identify or even mention either Crago or Xanderson, and sets forth no allegations of misconduct specific to them. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir.1997); *see also Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir.1976) (stating that personal participation is an essential allegation in a § 1983 action). Plaintiff's Complaint merely identifies Crago and Xanderson in the caption and fails to allege any facts tending to establish a connection between any constitutional violations and the personal actions or involvement of either of them.

Finally, **IT IS ORDERED** that reasonable fees and costs in the amount of $1,165.86 are awarded to Defendant Toth as a sanction against Plaintiff for filing a repetitive action asserting claims against him that have already been dismissed by another judge of this court. In this regard, I note Plaintiff failed when he filed the instant action to disclose the existence of the prior related actions in contravention of D.C.COLO.LR 40.1B, and thus compelled Judge Toth to relitigate issues that had already been resolved to finality.

The Motions of Defendants to Dismiss are GRANTED, and judgment in the amount of $1,165.86 shall enter against Plaintiff Dwire and in favor of Defendant Toth.